## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

| | |
|---|---|
| **United States of America,** | Criminal No. 5:21-90-KKC-MAS-1 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Heather Brittian,** | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the United States' Motion to Seal [DE 36]. In its motion [DE 36] and memorandum in support of the motion [DE 42], the Government asks the Court to seal an audio recording of the Defendant's interview with law enforcement [DE 38, 39] and the transcript of that audio recording [DE 37-2].[1] Defendant Heather Brittian agrees that the filings should be sealed. [DE 42 at 2.]

Local Rule 5.7(c) governs motions to seal documents. The rule states that a motion to seal "must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." LR 5.7(c). The Sixth Circuit has stated that "the public has a strong interest" in access to information in

---

[1] In its motion to seal, the United States also asked that its motion for a determination of the audio recording's admissibility [DE 37] be sealed. However, in its supporting memorandum, [DE 42], the Government clarified that it only asks that the audio recording and transcript be sealed, and not the motion itself. The United States subsequently re-filed the motion regarding admissibility without asking it be sealed, [DE 41], and the Court has since ruled on that motion [DE 48].

the record of a case filed in federal court. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "Due to the 'strong presumption in favor of openness, only the most compelling of reasons can justify' sealing documents and 'the seal must be narrowly tailored to serve that reason.'" *Dahmer v. W. Ky. Univ.*, No. 1:18-CV-00124-DJH-LLK, 2020 U.S. Dist. LEXIS 261233, at *5 (W.D. Ky. Sep. 25, 2020) (quoting *Shane Grp.*, 825 F.3d at 305) (cleaned up). A party seeking to seal documents must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06. The court must then explain the basis for sealing each document with "specific findings and conclusions" as to why the interest in sealing is compelling, the interest in public access less so, and why the seal is as narrow as possible. *Id.* at 306.

For the reasons stated in the Government's motion, the Court will order the audio recording and transcript be sealed. Accordingly, the Court hereby **ORDERS** as follows:

(1) The United States' Motion to Seal [DE 36] is **GRANTED**;

(2) The disc containing the recording of the Defendant's interview [DEs 38, 39] and the transcript of the recording [DE 37-2] shall remain **UNDER SEAL** until further Order of this Court;

(3) The United States' sealed motion [DE 37] is **DENIED AS MOOT**, the Court having already ruled on an identical motion that was not filed under seal. [*See* DEs 41, 48.]

Dated May 11, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

– 2 –